1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

KARA BROWNLEE, an individual, and
JANUARY GESSERT, an individual

Case No:: CV13-9188-ODW(MANx)

12

Plaintiffs,

PROTECTIVE ORDER ENTERED
PURSUANT TO THE PARTIES'
STIPULATION

13

vs.

14

12745 MOORPARK LLC, a California
Limited Liability Company; THE

15

MALIK CORPORATION, a California
Corporation; LORRAINE FISCHER, an

16

individual; MIKE DEVANEY, an
individual; and  DOES 1 through 50,

17

inclusive,

18

Defendants

19

20

   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the

21

parties' Stipulation and [Proposed] Protective Order ("Stipulation") filed on April 14,

22

2014, the terms of the protective order to which the parties have agreed are adopted as

23

a protective order of this Court (which generally shall govern the pretrial phase of this

24

action) except to the extent, as set forth below, that those terms have been

25

substantively modified by the Court's amendment of paragraphs 5, 7(a), 11, 12, 14,

26

15, 16, and 18 [deleted as duplicative] of the Stipulation.

27

28

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as Confidential, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only

the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE OTIS D. WRIGHT, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS AND FILINGS UNDER SEAL.**

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1.    In connection with discovery proceedings in this action, the parties may reasonably designate any appropriate document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Protective Order (*hereinafter* "Protective Order").  "Confidential" information is information that has not been made public or is not otherwise available or accessible in the public domain and concerns or relates to Plaintiffs or Defendants, which constitutes, discloses, reveals, describes, or discusses, in whole or in part, the following:  trade secrets within the meaning of the California Uniform Trade Secrets Act; financial

---

[1]    The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

statements or budgets of Defendants; and any other private, confidential, and/or proprietary information.

2. "Confidential" information also includes private information pertaining to Plaintiffs and/or Defendants' officers and employees, for which Plaintiff and/or Defendants have a right or duty to maintain the confidentiality of such information.

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4. Where a party produces Confidential information but inadvertently fails to mark an item as "Confidential," the designating party may correct its failure upon discovery of the error. Such correction and notice thereof shall be made in writing, and the designating party shall promptly substitute copies of each item, appropriately marked. After the receiving party receives such notice from the designating party, the receiving party shall thereafter treat the Confidential information in accord with the corrected designation but shall not be held responsible for any disclosures that may have been made prior to said corrective notice. Persons to whom such disclosure was made may continue to have access to such information, but must agree to abide by the terms of this Protective Order. Within fifteen (15) days of the receipt of the corrected or substitute copies, the receiving party shall return the previously unmarked items and all copies thereof or destroy the same and certify the destruction to counsel for the designating party.

5. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition **or by making** such designation within ten (10) court days after the receipt of the deposition transcript. Arrangements shall be made with the court reporter taking and transcribing such **deposition** to separately bind such portions of the **deposition** transcript containing

information designated as Confidential, and to label such portions appropriately.  In the case of documents produced pursuant to a subpoena by a non-party, any party may designate such documents, or any of them, as confidential by providing written notice to each other party within ten (10) court days after receipt of such documents.

6.     Material designated as Confidential under this Protective Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as Confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

7.     Confidential Material produced pursuant to this Protective Order may be disclosed or made available only to the "qualified persons" designated below:

a.     the Court and its **personnel**;

b.     a mediator who has been mutually agreed upon by the parties;

c.     any party, or an officer, director, or employee of a party to the extent deemed reasonably necessary by counsel to aid the prosecution, defense, or settlement of this action,

d.     experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

e.     counsel of record and the respective personnel of their law firms (including the paralegal, clerical, and secretarial staff employed by such counsel);

f.     court reporter(s) employed in this action;

g.     a non-party witness at any deposition or other pre-trial proceeding in this action and/or persons to be interviewed in the investigation of the case, to the extent deemed reasonably necessary by counsel to aid in the prosecution,

defense, or settlement of this action; and

h.      any other person(s) whom the parties in writing agree.

8.      Any person to whom the Confidential Material may be shown pursuant to this Protective Order, except those individuals identified in paragraph **7**, subsections (a), (c), and (e), shall first be shown and read a copy of this Protective Order and shall agree in writing to be bound by its terms by signing a copy of the Nondisclosure Agreement attached hereto as "Exhibit A." The fully-executed Nondisclosure Agreement shall be retained by counsel for the party disclosing such Confidential Material to the qualified person.

9.      Where testimony at a deposition involves disclosure of Confidential Material, such deposition shall be taken only in the presence of the individuals identified in paragraph **7**.

10.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate; provided, however, if a party has obtained any such material pursuant to a separate confidentiality agreement or other legal obligation of confidentiality, that party shall continue to adhere to such confidentiality obligations and, in addition, such materials shall be covered by this Protective Order.

11.      All Court orders will be presumptively available to the public. Therefore, if Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers, or the relevant portions thereof, shall be clearly labeled "Confidential—Subject to Court Order" **submitted with an application to file such material under seal.** Absent such advance notification, the Court will be free to incorporate all such evidence into its written and oral rulings. In the event this action proceeds to trial, all information that was designated as "Confidential" or otherwise kept and maintained

pursuant to the terms of this **Protective** Order, **which** a party introdu**ces** into evidence at trial, will be presumptively available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

12.     In the event that any Confidential Material is **presented** in any court proceeding in this action, it shall not lose its confidential status through such use and the party **presenting** such Confidential Material shall take all reasonable steps to maintain its confidentiality during such use.  **The designating party shall bear the burden of establishing the propriety of the challenged designation.**

13.     This Protective Order shall be without prejudice to the right of the parties**:** (a) to bring before the Court at any time the question of whether any particular document or information is Confidential or whether its use should be restricted; or (b) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

14.     This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Protective Order nor in the production of any information or document under the terms of this Protective Order shall be deemed to have the effect of any admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

15.     The terms and conditions of this **Protective** Order shall apply retroactively to the time of commencement of this case in this Court. The parties agree that the **P**rotective **O**rder will remain in effect throughout the federal court proceedings.  In the event that the case is remanded, the parties anticipate that the

1  **S**uperior **C**ourt will comply with all applicable laws regarding confidential

2  information and/or protective orders.

3       16.    If another court or administrative agency subpoenas or orders production

4  of Confidential Material that a party has obtained under the terms of this Protective

5  Order, such receiving party shall promptly notice the designating party of the

6  pendency of the subpoena or order and shall make all reasonable attempts to refrain

7  from producing the Confidential Material (including, but not limited to filing

8  necessary motions and otherwise alerting the Court or administrative agency of this

9  Protective Order) until the designating party has had a reasonable time to object or

10  otherwise to take appropriate action to protect the material.  **Nothing in this**

11  **Protective Order should be construed as authorizing a receiving party in this**

12  **action to disobey a lawful directive from another court.**

13       17.    This **Protective** Order shall survive the final termination of this action,

14  to the extent that the information contained in Confidential Material is not or does not

15  become known to the public, and the Court shall retain jurisdiction to resolve any

16  dispute concerning the use of information disclosed hereunder.  Upon termination of

17  this case, counsel for the parties shall assemble and return to each other all

18  documents, material**,** and deposition transcripts designated as confidential and all

19  copies of same, or shall certify the destruction thereof.

20       **18.    [DELETED]**

21

22  **IT IS SO ORDERED.**

23

24                              _____

25                              **MARGARET A. NAGLE**
                              **UNITED STATES MAGISTRATE JUDGE**

26

27

28

8

## **Attachment A**

## **NONDISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in <u>Brownlee, et al. v. 12745 Moorpark LLC, et al.</u>, United States District Court for the Central District of California, Civil Action No. CV13-9188-ODW(MANx) and hereby agree to comply with and be bound by the terms and conditions of said Protective Order unless and until modified by further order of this Court.  I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.


Dated: _____

                                        _____

                                        Name:_____

                                        Address:_____

                                          _____