O

# United States District Court
# Central District of California

| | |
|---|---|
| KARA BROWNLEE; JANUARY GESSERT,<br><br>    Plaintiff,<br><br>    v.<br><br>12745 MOORPARK LLC; THE MALIK CORPORATION; LORRAINE FISCHER; MIKE DEVANEY; and DOES 1-50, inclusive<br><br>    Defendants. | Case No. 2:13-cv-9188-ODW(MANx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST SUPPLEMENTAL COMPLAINT [16]** |

## I. INTRODUCTION

Before the Court is Plaintiffs Kara Brownlee and January Gessert's Motion for Leave to File First Supplemental Complaint adding two claims pursuant to Federal Rules of Civil Procedure 15(d). (ECF No. 16.) Plaintiffs also request that in the event the Court treats the Motion as seeking leave to amend the Complaint the Court modify its Scheduling Order. (Mot. 3.) Under the current Scheduling Order, the deadline to amend pleadings was May 26, 2014. (Mot. 3; Opp'n 3.) For the reasons discussed below, the Court **DENIES** Plaintiffs' Motion. (ECF No. 16.)

## II. FACTUAL BACKGROUND

On September 30, 2014, Brownlee submitted a rental application to become

roommates with Gessert in Defendants' apartment building.[1] (Opp'n 1.) One week later, Defendants approved the application and Brownlee moved into the building. (Compl. ¶ 2.) Four days after moving in, Brownlee notified Defendants that she had an emotional support animal ("ESA")—an American Staffordshire Terrier (commonly known as a "Pit Bull")—that she used to treat her anxiety and depression. (Opp'n 1; Compl. ¶ 2.) The lawsuit arises from what allegedly transpired after Defendants learned of Brownlee's ESA.

On November 12, 2013, Brownlee and Gessert filed the Complaint in state court. (ECF No. 1.) The following day Defendants were served. (*Id.*) On December 13, 2013, Defendants removed the action to federal court under 28 U.S.C. § 1441(b). (*Id.*) Plaintiffs filed eight claims in support of the assertion that upon learning of Brownlee's ESA Defendants "embarked on a calculated and egregious course of intimidation, retaliation, and discrimination." (Compl. ¶ 3.)

Plaintiffs concede that the last date to amend pleadings was May 26, 2014, and the discovery cutoff was September 15, 2014. (Mot. 3; Opp'n 3.) On September 5, 2014, Plaintiffs filed the instant Motion seeking leave to file a supplemental complaint adding two claims "arising out of conduct that occurred after [the] filing of the [Complaint]." (Mot. 3.)

The first claim arises from an email Fischer sent the morning of November 12, 2013 (the day Plaintiffs filed suit). (Mot. Ex. 1.) In the email, Fischer informed Plaintiffs that Brownlee was being asked to permanently vacate the apartment building and not come back or park in the garage. (*Id.*) Should she return, the email said, the property managers would call the police and have her cited and removed for misdemeanor trespass. (*Id.*) Brownlee continued to reside with Gessert in Defendants' building until May 2014. (Mot. 2.) Plaintiffs have not alleged that Defendants ever again said they would call, or did in fact call, the police.

---

[1] The building is owned by Defendant 12745 Moorpark, LLC and managed by Defendant The Malik Corporation. Defendants Lorraine Fischer and Mike Devaney are the building's resident managers.

The second claim arises from Fischer telling Brownlee in or around late January 2014 that the ESA was not allowed in the elevator. (Mot. 1-2.) Citing only this encounter, Plaintiffs assert that Defendants' "post-filing conduct" became "unbearable" and caused "mental and emotional suffering" that forced Brownlee to vacate the apartment on an unspecified date in May 2014, resulting in a constructive eviction. (Mot. 2.) On another unspecified date later in May, Gessert vacated the apartment because she could not pay the full rent without Brownlee or find a new roommate. (*Id.*) Plaintiff asserts that Gessert was also constructively evicted. (*Id.*)

On September 17, 2014, Defendants filed a Motion for Summary Judgment. (ECF No. 20.) The Court has not reached a decision on Defendants' Motion.

### III.   LEGAL STANDARD

A supplemental pleading sets out events that happened after the filing of the original pleading. Fed. R. Civ. P. 15(d). Conversely, an amended pleading is used to allege facts in existence when the original pleading was filed; but title is not determinative. *United States ex rel. Wulff v. CMA, Inc.*, 890 F.2d 1070, 1073 (9th Cir. 1989.) An erroneous characterization of a supplemental pleading as an amended pleading is immaterial. *See United States ex rel. Atkins v. Reiten*, 313 F.2d 673, 674 (9th Cir. 1963.)

Supplemental pleadings may be permitted on motion and reasonable notice at the court's discretion—parties do not have a right to supplement. Fed. R. Civ. P. 15(d). The standard for deciding a motion to supplement under Rule 15(d) is the same as deciding a motion to amend under Rule 15(a). *Id.*

The U.S. Supreme Court has held that federal courts should freely grant leave to amend absent special circumstances, such as: (1) undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies with previous amendment; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

A party requesting that the Court modify its scheduling order must show "good cause." Fed. R. Civ. P. 16(b)(4). The "good cause" standard contemplates the diligence of the party seeking the amendment. Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment).

## IV. DISCUSSION

On September 5, 2014, Plaintiffs filed the instant Motion seeking leave to file a supplemental complaint adding two claims arising out of conduct that occurred after Plaintiffs filed their Complaint on November 12, 2013. (Mot. 3.) Ordinarily, the Court would give Plaintiffs the opportunity to supplement. However, there are special circumstances present that the Supreme Court has articulated would render denial more just.

### A. Undue Delay

The first circumstance that warrants denial of Plaintiff's Motion is undue delay. *Foman*, 371 U.S. at 182. On November 12, 2013, Plaintiffs' received the email from Fischer asking Brownlee to permanently leave the apartment and no longer park in the garage. (Mot. Ex. 1.) In or around late January 2014, Fischer told Brownlee that the ESA was not allowed in the elevator. (*Id*. at 1-2.) According to Plaintiffs, in May 2014 Brownlee was constructively evicted from the apartment and sometime later that month Gessert was constructively evicted. (*Id*. at 2.) Plaintiffs admit that the last date to amend pleadings was May 26, 2014. (*Id*. at 3.)

Because Plaintiffs do not specify the dates of Defendants' alleged misconduct in May, it is possible that the last constructive eviction occurred before the deadline to amend pleadings. Even assuming it occurred after, Plaintiffs waited approximately *four months* to file the instant Motion. (*Id*.) Plaintiffs have offered no reason for this delay and therefore the Court finds that there is no good cause.

### B. Bad Faith or Dilatory Motive

The second circumstance that warrants denial of Plaintiff's Motion is bad faith or dilatory motive. *Foman*, 371 U.S. at 182. Plaintiffs filed the instant Motion ten

days before the September 15, 2014 discovery cutoff. (Opp'n 3.) Given the unexplained four-month delay, the Court finds the timing of Plaintiffs' Motion highly suspect and potentially indicative of a motive to limit Defendants' opportunity, even with a new Scheduling Order, to challenge Plaintiffs' new claims. The Court also recognizes the possibility that Plaintiffs want to delay the entire case by requiring the extension of all deadlines.

### C. Prejudice to Opposing Party

The third circumstance that warrants denial of Plaintiff's Motion is prejudice to Defendants. *Foman*, 371 U.S. at 182. The discovery cutoff was over two weeks ago and Defendants have filed a Motion for Summary Judgment. (Opp'n 3; ECF No. 20.) Were the Court to grant Plaintiffs leave to supplement or amend, the only way to avoid prejudicing Defendants would be to reopen discovery and delay the entire case, including the Court's ruling on Defendants' Motion. Without a showing of good cause, which Plaintiffs have not provided, the Court will not give Plaintiffs an opportunity to bring "new" claims that could have brought at least four months ago.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' leave to supplement or amend the Complaint. (ECF No. 16.)

**IT IS SO ORDERED.**

October 3, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**